Edward W. and Alice C. Banigan v. Commissioner.
Edward W. & Banigan v. Commissioner
Docket No. 28619.
United States Tax Court
1951 Tax Ct. Memo LEXIS 195; 10 T.C.M. (CCH) 561; T.C.M. (RIA) 51177; June 14, 1951
*195 Various deductions disallowed by respondent are not shown on the record to have been allowable in the taxable years. Edward W. Banigan, pro se., Joseph Landis, Esq., for the respondent. VAN FOSSAN Memorandum Opinion VAN FOSSAN, Judge: The respondent determined deficiencies of $424.55 and $592.12 in petitioner's income tax for the years 1946 and 1947, respectively. The deficiencies resulted chiefly from the disallowance of various deductions claimed by petitioners in their tax returns, with consequent additions to gross income. Hereinafter Edward W. Banigan is sometimes referred to as the petitioner. The deductions are considered seriatim. 1. Depreciation on a 2-tenant dwelling house occupied by petitioners. The house was not rented nor listed or offered for sale or rent in the years 1946 and 1947. Petitioner established no cost or other basis for depreciation. The respondent is sustained. 2. Loss claimed on an unsuccessful attempt by petitioner to gain admission to the Bar of Rhode Island. Petitioner practiced law in Manchester, New Hampshire, previous to 1942. He was employed as an attorney by the Veterans Administration from 1942 through 1947. He deducted *196 $792.21 as costs incurred in an unsuccessful attempt to gain admission to the Bar of Rhode Island. No deduction is allowable on account of such item. Petitioner failed to substantiate the amount or the legal basis for the alleged expenditures. There is no basis for a conclusion that respondent erred. 3. In 1946 and 1947 petitioner claimed charitable deductions of $465 and $622.80, respectively. Respondent disallowed the amounts of $313 and $520, respectively. Petitioner failed to substantiate the deductions claimed. The evidence does not establish that the petitioners contributed more than the amounts allowed by the respondent, i.e., $152 for 1946 and $122.90 for 1947. 4. Alleged loss on sale of office equipment. Petitioner sold for $120 a typewriter, desk, and filing cabinet and claimed a loss of $125.70 thereon. Respondent disallowed the alleged loss, holding that the property was fully depreciated, and accordingly held that petitioner realized a gain of $120, of which $60, or 50 per cent, was taxable as a sale of capital assets under section 117 (j). The typewriter had been used since 1934 and the desk and file cabinet since 1928 in petitioner's law office. Petitioner has not *197 proved that respondent's determination was erroneous. 5. Various loss deductions claimed to be due by damage to property in 1946, as follows: Damage to concrete walk by frost, $30; damage to hot water heater allegedly done by small boys, $250; damage to hen coop by small boys, $65; and damage to fence on residence property by small boys, $240. Similar items in 1947: Damage to platform trailer by small boys, $75; damage to hen coop by small boys, $50; damage to dwelling by heavy snowfall, $595; damage to dwelling allegedly done by rats, $200; damage to fence and tree on residence property, when tree from neighboring lot fell upon them, $170; and damage to automobile by ocean water, $700. Petitioner admitted that none of the alleged damage has been repaired. Most of the amounts are mere guesses or estimations by petitioner. Petitioner has not established a basis in respect to some of the items. Generally speaking, petitioner has not substantiated that any of the alleged damages or losses were deductible items. The law does not recognize losses due to vandalism nor can any of the losses be allowed under the "casualty" section. The loss by rat infestation is not deductible as *198 a casualty. Moreover, petitioner has not proven the basis or the amount of the alleged losses or damages. The alleged loss by damage to the automobile by salt water is not due to a casualty nor is the amount of damage proven. The damage was not repaired and the car was still in use at the time of the hearing. The only remaining item is an alleged loss occasioned by the disappearance of a fellow employee to whom petitioner had entrusted three watches for repair in 1943. In petitioner's income tax return for 1947 he deducted a loss of $150, being the alleged value of three watches which petitioner claims were taken by a bailee to whom he had entrusted the watches for repair. The alleged bailment occurred in 1943 and the evidence is that petitioner, in 1944, ceased to work with the bailee to whom he had entrusted the watches and that the bailee disappeared in the last mentioned year. Clearly, this item is not deductible in 1947. Whether it be considered a theft or some other form of action, the year 1944 and not 1947 would be the year for deduction. The loss must be taken in the year when it occurred and became known. Since the bailee disappeared with petitioner's watches in 1944, *199 petitioner is not entitled to a deduction in 1947. To sum up the foregoing, it is held, on the record in the case, that petitioners have failed to substantiate any item disallowed by respondent and decision must, therefore, be against them. Decision will be entered for the respondent.